IN THE MATTER OF JOHN PEARCE, AN IMPRISONED DEBTOR.

*Discharge of an imprisoned debtor from imprisonment — only fraudulent acts, committed after the liability to the plaintiff (the objecting judgment creditor) was incurred, will bar a discharge — only those who are creditors of the debtor, at the time a transfer of his property is made, can claim that it is fraudulent.*

APPEAL from an order made by the county judge of Kings county discharging the respondent, an imprisoned debtor, from imprisonment.

The discharge was opposed on the ground that the debtor's proceedings had not been just and fair, and that he had disposed of property with intent to defraud his creditors. The action, under the execution in which the respondent was held under arrest, was for obtaining moneys by false and fraudulent representations.

The court at General Term said: " The first objection taken to the discharge is that the judgment in the action is conclusive evidence in this proceeding that the debtor was guilty of fraud. This is so. But under the statute for the discharge of imprisoned debtors the fraud which will bar a debtor's discharge is not that of which he may have been guilty in contracting the debt or liability, but fraud in the subsequent disposition of his property to evade such liability. The judgment in the action was not predicated on such an act and,

therefore, cannot be evidence of it. The provisions that a debtor proceedings must be fair, I think must be taken in connection with the contents of the affidavits and be held to relate to the management and disposition of his property subsequent to the liability, not to the circumstances under which that liability was incurred.

The second objection taken is that the debtor at one time transferred all his property to Ann Daris, as it is complained by the appellant, with intent to defraud his creditors, though such intent is denied by the debtor. It is a sufficient answer to this objection, that at the time of such transfer the appellant was not a creditor of the defendant. Only existing creditors at the time can complain of such disposition. (*Matter of Brady*, 69 N. Y., 215.)"

*George H. Kracht*, for Robert C. Manson, creditor, appellant.

*John Cooney*, for John Pearce, debtor and petitioner.

Opinion by CULLEN, J.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Order of County Court affirmed, with costs.